BUD GAGE v. THE STATE.

1. MISDEMEANORS — RIGHT OF ELECTION. — An information for aggravated assault and battery, though containing but one count, charged three distinct circumstances of aggravation, and, when the evidence was closed, the defence moved that the prosecution be required to elect on which of the three a conviction would be sought. *Held*, that the right to require an election does not obtain in misdemeanors, and the motion was correctly overruled. *Waddell* v. *The State*, 1 Texas Ct. App. 720, cited with approval on the subject of joinder and the right to an election in misdemeanor cases.

2. PRACTICE — VERDICT. — In a misdemeanor trial, it is expressly provided that the verdict may be received and read in the absence of the accused.

3. AMENDMENT OF VERDICT. — Express authority is conferred upon the courts to call the attention of a jury to any informality in their verdict, and to have it, with their consent, reduced to proper form. In a misdemeanor case, the defendant's presence is not necessary when this is done.

APPEAL from the County Court of Wise. Tried below before the Hon. W. H. BULLOCK, County Judge.

The appellant was found guilty as charged in the information, and a fine of $25 was assessed against him.

*Ferguson & Sparkman*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. Three of the separate circumstances enumerated in the statute as constituting aggravated assault and battery were charged in the information, which contained

but a single count.   After the evidence in the case had been closed, the defendant moved the court to compel the prosecution to elect which of the grounds of aggravation would be relied upon for conviction ; which motion was refused, and the ruling is here claimed as error.

This, it seems, was not error.   Chitty says :  " In the case of misdemeanor, the joinder of several offences will not in general vitiate in any stage of the prosecution.   3 Term Rep. 105, 106 ; 2 Camp. 132 ; 5 Burr. 984 ; 8 East, 41.   For in offences inferior to felony the practice of quashing the indictment, or calling upon the prosecutor to elect on which charge he will proceed, does not exist."   1 Chitty's Cr. Law, 254.   Mr. Bishop observes :  " Some of the authorities even go to the point that in these [misdemeanor] cases there is no power in the court to compel an election ; but," he says,  " there is little doubt that where there are so many counts as to embarrass the defence, or where they are of a nature to be not properly joined, the election may be compelled."   1 Bishop's Cr. Proc., sect. 458.

Mr. Wharton says :  " In misdemeanors, the joinder of several offences will not in general vitiate the prosecution in any stage.   For in offences inferior to felony the practice of quashing the indictment, or calling upon the prosecutor to elect upon which charge he will proceed, is rarely exercised.   On the contrary, it is the constant practice to receive evidence of several libels and assaults, upon the same indictment."   1 Whart. Cr. Law, sect. 414.   This latter doctrine has been adopted as correct in this State, and by this court in *Waddell* v. *The State*, 1 Texas Ct. App. 720, which case is also decisive of the point here raised.   See also *Street* v. *The State*, 7 Texas Ct. App. 5.

The charge of the court is a full and correct enunciation of the law applicable to the facts, and is not, when considered in the light of the decisions of our courts, either obnoxious to the criticisms or liable to the objections so earnestly urged in the brief of counsel for appellant.   And,

having sufficiently announced the law in the charge given, it was not error to refuse the defendant's requested instructions, and especially the first, which was predicated upon an assumed state of facts not established by the evidence.

But it is urged that the verdict and judgment should be set aside because the verdict was returned into court, was amended under instructions of the court, and then received and filed, in the absence of the defendant and his counsel. The case was a misdemeanor, and the statute provides that in such cases the verdict may be received and read in the absence of the defendant. Code Cr. Proc., art. 711. The court is also authorized to call the attention of the jury to any informality in the verdict, and have it reduced to proper form. Code Cr. Proc., art. 715.

We have been unable to discover any such error in the record as requires a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*